107 N.J. Super. 244 (1969)
258 A.2d 31
ALMA VON S. TITMAN, PLAINTIFF-APPELLANT,
v.
BOARD OF TRUSTEES OF THE TEACHERS' PENSION AND ANNUITY FUND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1969.
Decided October 23, 1969.
*245 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Edward C. Stokes argued the cause for plaintiff (Messrs. Stokes & Throckmorton, attorneys).
Miss Rachel Leff, Deputy Attorney General, argued the cause for defendant (Mr. Arthur J. Sills, Attorney General, attorney; Mr. Stephen Skillman, Deputy Attorney General, of Counsel; Mr. Franklin D. Renkoff, Deputy Attorney General, on the brief).
PER CURIAM.
Subsequent to oral argument we requested the parties to brief the question, raised for the first time at the argument by the Attorney General, whether, assuming the 1960 "jumping rope" incident qualifies as a "traumatic event" within N.J.S.A. 18A:66-39, subd. c, plaintiff's permanent and total disability after the 1966 "staircase" incident constitutes a "direct result" of the 1960 incident within the language and intent of the statute and under the proofs adduced before the agency.
*246 It is clear from the fourth paragraph of subsection (c) of the cited statutory section that allowance of a pension for employment-connected disability depends upon a showing that the applicant "is physically * * * incapacitated for the performance of duty * * *" and is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular and assigned duties * * *."
Plaintiff sustained a disability to her left leg in 1960 while jumping rope during a physical education class which she was teaching. We are inclined to the view, and assume for present purposes, that this constituted a "traumatic event." However, the proofs are persuasive that the disability resulted from the combined effect of a progressive condition of degenerative arthritis and either a ligament strain or a fracture of the bone structure of the left knee probably the product of the 1960 incident. Plaintiff had minor trouble with her left leg and favored it after the 1960 incident. However, plaintiff was not totally disabled, continuing as a teacher until September 23, 1966, when her right leg collapsed or "snapped," as she put it, while descending a flight of steps at school.
The medical proofs indicated that the "process" that had caused the degeneration of the left knee also eventually affected the right knee. The school-board physician thought that plaintiff's favoring the left leg prior to the 1966 incident contributed to the collapse of the right leg.
Preliminarily, we have concluded that the Board was right in deciding that the 1966 incident was not a "traumatic event" independently effective to sustain a claim for disability pension consequent thereon. The term "traumatic event," as employed in the 1966 revision of the act (chapter 66) is a significant departure from the term "accident" previously found in the act. Without here assaying the full scope of the substituted term, we are satisfied that the proofs concerning the 1966 episode do not bring it within the meaning of the term. We conclude that a previously developing *247 degenerative process simply reached the point of collapse of the right leg and knee at the fortuitous moment petitioner was descending a staircase, and that this does not constitute such a traumatic event as the statute contemplates.
We further conclude that petitioner's ultimate total disability was not a "direct" result of the 1960 incident, as the act requires it to be. The word "direct" connotes relative freedom from remoteness, whether in terms of time, intervention of other contributive causes or the like, or a combination of such factors. The criterion cannot be reduced to a formula which will solve all cases. The matter is one essentially of degree. Here, the disability of the left leg produced no disability to work at plaintiff's assigned duties. It was only the intervention of a similar condition in the right leg, over six years later, not itself the result of a traumatic event, which produced plaintiff's disability to perform her duties. The Board here found, on adequate proofs, that plaintiff's disability resulted primarily from a progressive disease, and there is no medical proof that the 1960 injury caused that disease. The express statutory exclusion of disability resulting from a "muscular-skeletal condition" not the direct result of a traumatic event, etc., reflects the legislative view that such conditions are particularly to be scrutinized for directness of connection between the specified traumatic event and the claimant's total disability.
The state of the record here, in the light of such pertinent findings of fact as were made by the Board, convinces us that plaintiff's permanent and total disability was not a direct result of the 1960 incident. She is therefore not entitled to a service-connected disability pension.
Affirmed.