134 N.J. Super. 231 (1975)
339 A.2d 222
RICHARD LEONI, JR., PETITIONER-RESPONDENT,
v.
TOWNSHIP OF HAMILTON, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1975.
Decided May 14, 1975.
*233 Before Judges CARTON, CRANE and KOLE.
Mr. William F. Perry argued the cause for respondent (Messrs. Morgan, Melhuish, Monaghan, McCoid and Spielvogel, attorneys; Mr. Paul A. Tripodo on the brief).
Mr. Sidney S. Stark argued the cause for appellee (Messrs. Stark and Stark, attorneys).
*234 The opinion of the court was delivered by KOLE, J.A.D.
Richard Leoni, a police officer in the Township of Hamilton, filed a petition in the Division of Workmen's Compensation pursuant to N.J.S.A. 34:15-7 et seq., for a work-connected disability as a result of injuries sustained on September 20, 1970. The workmen's compensation judge awarded him compensation on March 1, 1974, for permanent disability, with payments to commence from March 3, 1972, the date to which he had been paid sick leave benefits by the employer.
The workmen's compensation carrier of the employer failed to make payments pursuant to the award. Accordingly, Leoni filed a motion on June 7, 1974 to compel payment and to add the carrier as an additional respondent. On July 17, 1974 the employer filed a cross-motion to suspend payments on the ground that petitioner is a "former employee who has been retired on pension by reason of injury or disability", as set forth in N.J.S.A. 34:15-43, a part of the Workmen's Compensation Act. The judge granted petitioner's motion and denied the employer's cross-motion. The employer appeals from the resulting order.
There is no doubt that the injury and disability suffered by petitioner was work-connected. He now appears to be totally blind as a result thereof.
Prior to the initiation of the workmen's compensation petition, Leoni had filed a petition for an accidental disability pension. The pension board involved rejected the claim on the ground that the disability was not a direct result of a traumatic event pursuant to N.J.S.A. 43:16A-7(1). See Shea v. Bd. of Trustees, 116 N.J. Super. 348 (App. Div. 1971); Hillman v. Bd. of Trustees, 109 N.J. Super. 449 (App. Div. 1970); Titman v. Bd. of Trustees, 107 N.J. Super. 244 (App. Div. 1969). An accidental disability pension would constitute 2/3 of his annual $11,246 salary. We have been advised that this determination is presently the subject of an administrative appeal. We, of course, express no views with respect to the merits of the *235 pension board's conclusion. The board, however, granted petitioner an ordinary disability retirement pension under N.J.S.A. 43:16A-6. He was retired as of March 1, 1972 and receives a disability pension of $4,128.67 a year. He was still receiving it when he filed his workmen's compensation petition. The workmen's compensation award is $4,732 a year, about $600 annually in excess of his ordinary disability pension.
There is no doubt that Leoni may not collect both a workmen's compensation award and a disability pension, whether the latter was the result of an accident or other cause under N.J.S.A. 43:16A-6 or 43:16A-7. The provisions of both the Workmen's Compensation Act, N.J.S.A. 34:15-43, and the Pension Act, N.J.S.A. 43:16A-15.2(b), as amended, make this clear. See In re Application of Smith, 57 N.J. 368 (1971); Russo v. Teachers' Pension & Annuity Fund, 62 N.J. 142 (1973).
The narrow issue thus presented is whether a public employee  here a policeman  may choose to pursue and receive an award on a workmen's compensation claim, notwithstanding he is then in receipt of an ordinary disability retirement pension where the latter is work-connected, provided no double recovery of benefits will result.
The problem is one of statutory construction of both N.J.S.A. 34:15-43 and the 1971 amendment to N.J.S.A. 43:16A-15.2(b)  (L. 1971, c. 175, § 18).
N.J.S.A. 34:15-43, a part of the Workmen's Compensation Act, provides:
No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability * * *.
Prior to the 1971 amendment, N.J.S.A. 43:16A-15.2(b), part of the Pension Law, precluded the approval of retirement benefits while a member was in receipt of periodic benefits under the Workmen's Compensation Law. The 1971 amendment permitted such application to be approved, provided *236 that the actuarial equivalent of the periodic benefits remaining to be paid under the workmen's compensation award were used to reduce the pension portion of the retirement allowance payable to the retiring member. The Legislature did not make a comparable amendment to the workmen's compensation provision to which we have referred that, in effect, precludes the award of workmen's compensation where the public employee is in receipt of a pension by reason of disability or injury. N.J.S.A. 34:15-43.
In Smith, supra, 57 N.J. at 383, n. 1, the court mentioned the veto by the Governor of an amendment to the foregoing workmen's compensation provision, which would have permitted an employee retired on an injury or disability pension to obtain workmen's compensation therefor, and referred to the failure of the Legislature to amend the provision of the Pension Act, N.J.S.A. 43:16A-15.2(b). Nevertheless, we note that subsequent to Smith, the Legislature in fact did amend that pension provision to permit the grant of a pension even though a workmen's compensation award was being paid to the public employee. In that event in effect the pension fund would obtain credit for the actuarial equivalent of the periodic benefits remaining to be paid under the workmen's compensation award, since the pension portion of the retirement allowance to the retirant would be reduced accordingly.
We have concluded that, with respect to the narrow issue before us, the 1971 amendment to the pension provision here involved must be read in pari materia with the workmen's compensation provision, N.J.S.A. 34:15-43, even though the latter statute was not amended. As Smith, supra, 57 N.J. at 374, indicates, the beneficent purpose of the Workmen's Compensation Act requires a strict construction of N.J.S.A. 34:15-43 in favor of the retired employee. Thus, in our view, this provision, when read together with the 1971 amendment of the Pension Act, demonstrates a legislative intention to permit a covered public employee, *237 who is in receipt of an ordinary work-connected disability retirement pension, thereafter to choose whether he wishes to obtain workmen's compensation, thereby reducing his retirement pension award for such disability, or simply to continue to receive his full pension benefits. In short, an employee so situated is entitled to recover the larger amount he would receive under the respective statutory provisions. If, as here, a workmen's compensation award is granted and required to be paid while a work-connected ordinary disability pension is being received, the pension fund is entitled to a credit for such payments against the retirant's pension in accordance with N.J.S.A. 43:16A-15.2(b).
We so hold even though a literal reading of the 1971 amendment to the latter provision appears to contemplate that the credit to the pension fund only apply where the applicant, at the time he files for pension benefits, is actually in receipt of periodic benefits under the Workmen's Compensation Act. We cannot ascribe to the Legislature an intention to permit the applicability of the 1971 amendment, to the extent, as here, that it may be said to relate to the workmen's compensation provision, N.J.S.A. 34:15-43, to depend solely on the happenstance of when the workmen's compensation petition is filed or relief is granted  i.e., whether before or after the application for or receipt of ordinary disability benefits under the Pension Act.
The construction which we have given to the statutes comports with the laudatory purpose of the Workmen's Compensation Act and the pension disability provisions and at the same time precludes the double recovery of benefits referred to in Smith, supra, and Russo, supra. Indeed, in our view, it accords with the underlying philosophy of Smith.
We need not at this point determine whether we would reach the same result in the event the employee were in receipt of an accidental disability pension under N.J.S.A. 43:16A-7. Our determination is limited to the situation before us.
*238 By reason of our conclusion, we need not decide whether the employer's appeal from the judgment of the Division of Workmen's Compensation has been filed out of time, as petitioner contends.
For the foregoing reasons the order of the judge of workmen's compensation is affirmed.