WILLIAM W. CONKLIN, PETITIONER-APPELLANT, v.
CITY OF EAST ORANGE, RESPONDENT-RESPONDENT.

Argued October 25, 1976—Decided May 13, 1977.

*Mr. Ernest N. Giannone* argued the cause for appellant (*Messrs. Giannone & Capone,* attorneys).

*Mr. Alfred F. Carolonza, Jr.,* argued the cause for respondent.

The opinion of the court was delivered by

SULLIVAN, J. This appeal involves the interplay between two statutes. The first is *N. J. S. A.* 34:15–43, a section of the Workmen's Compensation Act, which makes the Act applicable to public employees but contains the following limitation:

> "No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; provided, however, that such employee, despite retirement, shall, nevertheless, be entitled to the medical, surgical and other treatment and hospital services as set forth in section 34:15–15 of the Revised Statutes."

The other statute is a 1971 amendment to *N. J. S. A.* 43:16A–15.2, part of the Act establishing the Police and Firemen's Retirement System. Paragraph b of this section had originally provided that:

> "b. No application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workmen's Compensation Law."

The section as amended in 1971 (*L.* 1971, *c.* 175) now provides:

"b. An application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workmen's Compensation Law. In this event the actuarial equivalent of such periodic benefits remaining to be paid shall be computed and will serve to reduce the pension portion of the retirement allowance payable to the retirant, subject to the provisions of section 19 of this amendatory and supplementary act."

In particular, the question posed is whether a City of East Orange fireman injured in the line of duty for which he was awarded ordinary disability retirement by the Board of Trustees of the Police and Firemen's Retirement System may thereafter be awarded benefits for the same injury under the Workmen's Compensation Act. The Division Judge ruled that the fireman was entitled to such benefits. The Appellate Division held that under the above-quoted language of *N. J. S. A.* 34:15–43, retirement on an ordinary disability pension acted as a bar to a subsequent award of workmen's compensation for the same injury. Our determination is that the fireman is entitled to compensation but that the actuarial equivalent of the benefits to be paid thereunder will serve to reduce the pension portion of his retirement allowance.

Petitioner was a fireman employed by the City of East Orange as a driver of a hook and ladder truck. On May 3, 1971, while attempting to move a battery charger which was attached to the fire truck, petitioner suffered a low back injury which incapacitated him for some three weeks. He worked intermittently thereafter until October 16, 1971, the last day of his working employment.

On October 12, 1971 he filed a claim petition for workmen's compensation. While this claim was pending, petitioner, on November 6, 1972, filed an application for accidental disability retirement under the Police and Firemen's Retirement System Act. The application was denied by the Board of Trustees of the Retirement System on December 18, 1972 on the ground that petitioner's disability was not the "direct result of a traumatic event" within the meaning

of the Retirement Act, *N. J. S. A.* 43:16A–7. However, petioner was granted ordinary disability retirement, effective November 1, 1972, pursuant to *N. J. S. A.* 43:16A–6.[1]

Petitioner took an administrative appeal from this ruling. After a hearing, the Board of Trustees on August 23, 1974 reaffirmed its original determination. He then appealed to the Appellate Division. Its disposition of that appeal will be dealt with hereafter.

In the meantime, petitioner's compensation claim was tried in late 1973. By judgment dated September 25, 1973 his work-connected disability was determined to be 50% of Partial Total for the low back both orthopedic and neurological and 10% of Total for the neuropsychiatric disability. The award amounted to 330 weeks at $40 per week, a total of $13,200.

Respondent, City of East Orange, then filed a motion to modify the judgment on the ground that petitioner was not entitled to receive compensation benefits (except medical, surgical and other treatment and hospital services) by virtue of the provisions of *N. J. S. A.* 34:15–43, *supra,* since petitioner was a former public employee retired on a disability pension (since November 1, 1972). However, the Division Judge held that the bar to compensation contained in *N. J. S. A.* 34:15–43 applied only to a public employee retired on an accidental disability pension as opposed to, as here, an ordinary disability pension. The City of East Orange appealed this ruling to the Appellate Division.

Both appeals, that is petitioner's appeal from the adverse pension ruling, and the City of East Orange's appeal from the judgment of the Division of Worker's Compensation in favor of petitioner, were consolidated for argument before the Appellate Division. That court in a *per curiam* opinion reported at 135 *N. J. Super.* 131 (1975) affirmed the

---

[1]Accidental disability retirement pays substantially higher benefits than are allowed for ordinary disability retirement.

ruling by the Board of Trustees of the Police and Firemen's Retirement System that petitioner was not entitled to accidental disability retirement but only to ordinary disability retirement. However, it reversed the judgment of the Division of Worker's Compensation and held that *N. J. S. A.* 34:15–43 barred a fireman who was retired on an ordinary disability pension, from entitlement to workmen's compensation where the underlying disability is the same for which workmen's compensation was claimed. In so ruling, the Appellate Division also rejected the argument that such employee was entitled to recover workmen's compensation for the limited purpose of off-setting such compensation against his retirement pension. 135 *N. J. Super.* at 135.

Petitioner filed petitions for certification in both matters. This Court granted his petition in the workmen's compensation case, 69 *N. J.* 377 (1975), and denied his petition in the pension case, 69 *N. J.* 378 (1975). On this appeal, therefore, we are concerned only with the workmen's compensation issue.

*In re Application of Howard Smith,* 57 *N. J.* 368 (1971) comprehensively details the legislative history of the pertinent sections of the workmen's compensation and disability pension acts and the manner in which the Workmen's Compensation Act functioned vis-à-vis the Pension Act here involved. In *Smith,* which was decided prior to the 1971 amendment to the Police and Firemen's Retirement System Act, we summarized the pertinent statutory provisions by saying:

"* * * In combination, the enactments involved here say that a former public employee who has retired on an accidental disability pension cannot be granted workmen's compensation benefits for the same disability, and if the employee elects to receive workmen's compensation initially no subsequent pension for the total disability arising from the accident can be approved for him while he is receiving compensation. In total effect they clearly reveal the lawmakers' intention not to allow a public employee to receive concurrent pension and compensation benefits for the same disability." 57 *N. J.* at 380.

However, the legislative intention as expressed in the statutory provisions created a problem for the public employee who suffered a disabling work-connected injury. Often, it would not be possible to determine whether pension benefits on the one hand or compensation benefits on the other, would ultimately be the more advantageous. Yet the employee had to make a choice. If he retired first, he was barred from seeking compensation benefits. If he was awarded compensation first, he could not obtain any retirement benefits until his compensation award was fully paid.

The critical question is the extent to which the legislative plan as outlined in *Smith* was modified by the 1971 amendment to the Police and Firemen's Retirement System Act. While this amendment is quoted at the head of this opinion we repeat it here for convenience. It provides:

"b. An application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workmen's Compensation Law. In this event the actuarial equivalent of such periodic benefits remaining to be paid shall be computed and will serve to reduce the pension portion of the retirement allowance payable to the retirant, subject to the provisions of section 19 of this amendatory and supplementary act."

It can be argued that the 1971 amendment is limited to a situation where a member who is receiving workmen's compensation benefits applies for retirement based on the same disability for which compensation benefits are being paid. As noted in the summary in *Smith, supra,* and as originally provided in *N. J. S. A.* 43:16A–15.2 b prior to the 1971 amendment, a public employee could not be awarded disability retirement while he was receiving compensation benefits for the same disability.

A technical interpretation of the 1971 amendment would result in a situation where a member of the particular pension fund who suffered a work-connected disability would be entitled to both a compensation award and to pension

benefits (less the actuarial equivalent of the compensation benefits) but only if the workmen's compensation was awarded first. If the member secured disability retirement first, he would be barred from obtaining workmen's compensation benefits thereafter for the same disability by virtue of *N. J. S. A.* 34:15–43. The Appellate Division so held.

We are confident that the Legislature, in adopting the 1971 amendment, did not intend that the relief it was granting from the strictures of the old law should depend on the chance of whether the pension, or compensation, was awarded first. While the Legislature did not modify the restriction contained in section 43 of the Compensation Act at the time it was adopting the 1971 amendment, we think this was inadvertent.

We conclude that it is immaterial whether the pension or compensation comes first. An injured fireman can be retired on an ordinary disability pension, and then be awarded compensation benefits for the same disability, however, the actuarial equivalent of the periodic benefits payable or remaining to be paid under the workmen's compensation award will serve to reduce the pension portion of the retirement allowance.

To that extent we find that the legislative policy set forth in the 1971 amendment is at odds with the limitation contained in that part of section 43 of the Compensation Act above quoted, so that a purpose to modify the earlier provision, insofar as it is inconsistent with such policy, must be implied. See *Two Guys from Harrison, Inc., v. Furman,* 32 *N. J.* 199, 223–224 (1960).

This construction harmonizes the provisions of the Workmen's Compensation Act and the Pension Act in question and, at the same time, prevents the double recovery of benefits for the same disability, the basic holding in *Application of Smith, supra.* The net effect, however, is that the retired public employee is entitled to receive the more advantageous of the benefits payable under the respective statutory provisions. We are in substantial accord with the

decision of the Appellate Division in *Leoni v. Tp. of Hamilton,* 134 *N. J. Super.* 231 (1975) which is to the same effect.

As noted above, the Division Judge held that the provision in section 43 of the Workmen's Compensation Act (that a public employee retired for disability is not entitled to compensation for the same disability) applied only to accidental disability retirement and not to retirement on an ordinary disability allowance. Our ruling that such provision is not controlling where the disability retirement is under the Police and Firemen's Retirement System Act applies whether the retirement is for accidental disability or, as here, ordinary disability. *Cf. Cattani v. Bd. of Trustees, Police & Firemen's Retire. Sys.,* 69 *N. J.* 578 (1976). The statutory purpose is to allow the employee the more advantageous of the respective benefits, but to require the off-set heretofore mentioned in order to avoid double recovery for the same disability.

Petitioner's additional contention that his ordinary disability pension is not bottomed on the same injury or disability for which compensation was awarded, is completely lacking in substance.

The judgment of the Appellate Division is reversed and the matter remanded for entry of judgment in accordance with this opinion.

*For reversal and remandment*—Justices. MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*For affirmance*—None.