**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2250-16T3

JAMES LETTS,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE AND
FIREMEN'S RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted September 12, 2018 – Decided September 26, 2018

Before Judges Sumners and Mitterhoff.

On appeal from the Board of Trustees, Police and Firemen's Retirement System, Docket No. 3-10-51329.

Gaylord Popp, LLC, attorneys for appellant (Samuel M. Gaylord, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Danielle P. Schimmel, Deputy Attorney General, on the brief).

PER CURIAM

This appeal asks us to determine whether the Board of Trustees, Police and Firemen's Retirement System (the Board) correctly applied N.J.S.A. 43:16A-15.2 in its final agency decision that reduced James Letts' accidental disability retirement (ADR) benefits by the amount of workers' compensation settlement proceeds he received after the effective date of his retirement. Although Letts had distinct qualifying injuries for the ADR and workers' compensation settlement, we conclude the statute requires an offset because the injuries arose from the same incident.

In August 2013, Letts was shot twice while performing his duties as a Trenton police officer. About two weeks later, he filed a workers' compensation claim for injuries to his right shoulder and abdomen from the shooting. Over a year later, while his workers' compensation claim was pending, Letts applied for ADR from the Police and Fireman's Retirement System (PFRS) claiming total and permanent disability due to post-traumatic stress disorder he also sustained from the shooting.

In July 2015, Letts settled his workers' compensation claim for 165 weeks at $260.04, totaling $42,906.00, due to permanent partial injuries of the right shoulder and abdomen. Two months later, the Board approved Letts' application for ADR benefits effective August 1, 2015, due to his post-traumatic stress

A-2250-16T3

disorder.  In the Board's September 2015 letter advising him of the approval, Letts was informed that his retirement benefits[1] could be subject to a reduction of the amount workers' compensation payments he received after the effective date of his retirement.  Consequently, ten months later, the Board advised Letts in a June 2016 letter, that under N.J.S.A. 43:16A-15.2, the total amount of his ADR benefits would be reduced by $28,703.51, the amount of the worker's compensation settlement payments he received after his retirement was approved.[2]

Letts requested the Board reconsider its position.  Citing Rosales v. State Dep't of the Judiciary, 373 N.J. Super. 29 (App. Div. 2004), Letts argued there should not be an offset of his retirement benefits with his worker's compensation settlement under N.J.S.A. 43:16A-15.2 because the post-traumatic stress disorder for which his ADR was based upon occurred after he returned to work

[1] His monthly allowance of $5,181.55 was comprised of $4,198.61 for his pension and $982.94 for an annuity.

[2] The Board advised Letts that $16,258.77 of the current amount owed would be recouped through monthly reductions of $1,126.83 in his retirement benefits until the amount was paid, and for the past amount due of $12,444.74, unless he made a lump sum payment within thirty days, or there would be monthly deductions of $405.47 from his retirements until the amount was paid.

from his workers' compensation leave for different injuries to his right shoulder and abdomen.

On October 18, 2016, following the previous days' hearing in which it heard Letts' arguments and considered his submissions, the Board wrote to Letts' counsel advising that it decided not to change the initial determination that Letts' ADR benefits were subject to an offset by his workers' compensation settlement under N.J.S.A. 43:16A-15.2. In doing so, the Board rejected Letts' argument that his separate injuries for the workers' compensation settlement – right shoulder and abdomen – and the ADR – post-traumatic stress disorder – precluded an offset under the statute because they both arose from the same shooting incident. The Board also pointed out that Letts was made aware of the potential offset when it advised him that his ADR was approved.

The Board later denied Letts' request for reconsideration of its decision, or in the alternative a hearing before the Office of Administrative Law, and rendered a final agency decision denying Letts' appeal on January 10, 2017. The Board essentially reiterated the reasoning it expressed in its October 18 letter that N.J.S.A. 43:16A-15.2 requires an offset of his ADR in the amount of the workers' compensation settlement payments received after the effective date of his retirement. The Board added, "the basis [of] the statute is to prevent double

4

recovery for the same incident.  Permitting . . . Letts to waive the offset would be contrary to the statutory intent."

Before us, Letts reiterates the arguments he presented to the Board.  He contends the Board erred in its application of N.J.S.A. 43:16A-15.2 because the statute does not provide for an offset where the workers' compensation injuries differ from the injury for which the ADR was approved.  He, therefore, maintains that there is no double recovery for the same disability as the Board determined.

Consequently, we are asked to weigh-in on the Board's interpretation of N.J.S.A. 43:16A-15.2, which provides in pertinent part:

> b. An application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workers' Compensation Law.  If a retirant receiving an accidental disability retirement allowance becomes a recipient of periodic benefits under the workers' compensation law after the date of retirement, the pension portion of the retirement allowance payable to the retirant shall be reduced, during the period of the payment of the periodic benefits, dollar-for-dollar in the amount of the periodic benefits received after the date of retirement, subject to the provisions of [N.J.S.A. 43:16A-12-4].

The statute does not specifically state that for the offset to apply, the retirant's injuries upon which the ADR benefits and the workers' compensation benefits

are based, must be the same, or even occur from the same incident. Nevertheless, the Board's interpretation makes complete sense.

It is well settled that a primary purpose of statutory interpretation is to "seek to effectuate the 'fundamental purpose for which the legislation was enacted.'" Twp. of Pennsauken v. Schad, 160 N.J. 156, 170 (1999) (quoting N.J. Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 338 (1972)). Moreover, we "afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007). "Such deference has been specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

N.J.S.A. 43:16A-15.2 was enacted to prevent the "simultaneous receipt of compensation benefits and disability benefits." Cty. of Mercer v. State, Dept. of Treasury, Div. of Pensions Bd. of Trs., 193 N.J. Super. 229, 235 (App. Div. 1984). Recognizing this statutory intent, the Board properly determined that

application of the statute's setoff provision to prevent simultaneous receipt of the ADR benefits and workers' compensation benefits from the same incident – regardless that there were injuries to different body parts involved in the respective approvals – furthers the legislative goal to bar double recovery.

Furthermore, Letts' reliance upon Rosales is misplaced. There, we recognized that through N.J.S.A. 43:16A-15.2, PFRS, was modified "in 1971 to provide for an actuarial offset of both accidental and ordinary disability pensions when one received Workers' Compensation benefits for the same injury as the pension." Rosales, 373 N.J. Super. at 39 (citing Leoni v. Twp. of Hamilton, 134 N.J. Super. 231, 235 (App. Div. 1975)).[3] However, the acknowledgement in Rosales that under N.J.S.A. 43:16A-15.2, benefits from an ADR and a workers' compensation claim for the same injury should be offset, does not logically extend to support Letts' contention that we should now interpret the statute to preclude offsetting those respective benefits where they are based upon different injuries but they arise from the same incident. To do so would allow a retirant to parse out his injury claims in an ADR application and a workers'

---

[3] We further pointed out in Rosales that: "The pension rules were amended . . . in 1994 to change offsets of accidental disability pensions from an actuarial offset to a dollar for dollar basis when there is a Workers' Compensation award. However, the Division of Pensions no longer sought to take an offset of ordinary disability pensions, N.J.A.C. 17:1-4.32." Id. at 40.

compensation claim to enjoy double recovery, clashing with the clear intent of N.J.S.A. 43:16A-15.2.  Hence, we discern no error in the Board's interpretation of the statute because its decision was not arbitrary, capricious, or unreasonable, and did not violate legislative policies.  Lavezzi v. State, 219 N.J. 163, 171 (2014); Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2250-16T3