**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3671-16T3

DAVID SMOLENSKI,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Argued October 15, 2018 – Decided  November 14, 2018

Before Judges Haas and Sumners.

On appeal from the Board of Trustees of the State Police Retirement System, SPRS No. 4848.

Herbert J. Stayton, Jr., argued the cause for appellant (Ridgway & Stayton, attorneys; Herbert J. Stayton, Jr., on the brief).

Robert S. Garrison, Jr., Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Robert S. Garrison, Jr., on the brief).

PER CURIAM

Petitioner David Smolenski, a former State Police detective, appeals from a final agency decision by the Board of Trustees, State Police Retirement System (the Board) denying him accidental disability benefits under N.J.S.A. 53:5A-10(a). To secure accidental disability benefits under the statute, an applicant must prove several elements. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 30 (2011). The only element in dispute is whether Smolenski's permanent and total disability from performing his duties as a state trooper is a direct result of a traumatic event. N.J.S.A. 53:5A-10(a). Because we conclude the Board properly applied the statute and there is sufficient credible evidence in the record to support its findings, we affirm.

On March 10, 2010, Smolenski was stopped at a stop sign while driving his undercover vehicle back to the State Police Headquarters, when he was rear-ended by another vehicle. He did not report any injuries at the scene and did not seek immediate medical treatment following the accident. Later that day, after he returned to work, his back went out. In an employer's accident report, Smolenski stated he was "having back and neck pain running down to [his] right shoulder." He did not return to work, and retired on October 1, 2013, claiming

2

his back injury rendered him totally and permanently disabled from performing his job duties.

Claiming the accident caused his disability, Smolenski applied for accidental disability benefits. The Board agreed that his disability prevented him from performing his job as a state trooper, and that the accident was an undersigned and unexpected traumatic event and not the result of his negligence, but ultimately determined that his disability was not the direct result of the traumatic event. The Board instead decided that Smolenski's disability was caused by a "pre-existing disease alone or a pre-existing disease that is aggravated or accelerated by the work effort," and was thus eligible for the lesser benefit of ordinary disability benefits. He appealed the Board's decision, and the matter was transferred to the Office of Administrative Law for a fact-finding hearing.

In her initial decision, the Administrative Law Judge (ALJ) found that the accident aggravated his pre-existing back injury, and, therefore, was not a direct cause of his debilitating injury to entitle him to accidental disability retirement benefits. The ALJ's decision boiled down to her evaluation of the testimony of the parties' respective orthopedic medical experts who both examined Smolenski, reviewed his medical records, and found that he was totally and

permanently disabled due to his back injury, but differed as to the impact the accident had on his disability.

Gregory S. Maslow, M.D. testified on behalf of Smolenski. He stated Smolenski's disability was mainly back pain, but that he also suffered severe leg pain. The doctor acknowledged that Smolenski had a pre-existing back injury dating back to 2006, but that there was no evidence of radiculopathy to L-5 prior to the accident. He noted that, based upon a prior MRI, radiculopathy had existed only at L-3/L-4, along with degenerative abnormalities at L-4/L-5. Thus, Dr. Maslow opined that the L-5 radiculopathy was a new injury caused by the accident and a direct cause of his disability.

Jeffrey F. Lakin, M.D., testified on behalf of the Board. Like Dr. Maslow, he noted Smolenski's documented history of back injury prior to the accident. The doctor deduced that, based upon his review of x-rays from 2006 and an MRI from 2009, Smolenski had herniated discs at L-3/L-4/L-5. He opined Smolenski's lumbar spine was worsened by the accident, but emphasized that Smolenski's disability was the result of a pre-existing back injury to L-3/L-4 and not a result of the accident.

Finding both experts knowledgeable and their testimony credible, the ALJ found Dr. Lakin's testimony more persuasive. In finding Smolenski's disability

4

was the result of a pre-existing medical condition that was aggravated by the accident, the ALJ reasoned:

> On balance, I was better persuaded by, and give greater weight to, the testimony of Dr. Lakin on this issue, specifically crediting his detailed tying of [Smolenski's] conditions and injuries to specific incidents, treatments, and notations in [Smolenski's] medical history. This includes his conclusion that [Smolenski's] disability was not caused by the March 10, 2010[] accident. Conversely, Dr. Maslow's conclusion that [Smolenski's] disability was caused by the accident, was not as similarly detailed in [his] analysis and seemed to be more rooted in his observation that [Smolenski] was always able to return to work after previous injuries and treatments, and that he was only not able to do so after the event at-issue in this proceeding. Dr. Maslow credits the accident with causing a new radiculopathy without tying it to a similarly new objective finding or pathology. Dr. Lakin on the other hand, ably testified as to how the previously identified objective findings in [Smolenski's] history could evolve, and be aggravated by the incident in question, to the point of [Smolenski's] disability from performing his regular and assigned job duties.

Citing Titman v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 107 N.J. Super. 244 (App. Div. 1969), the ALJ upheld the Board's decision that Smolenski's "disability was not a direct result of the alleged traumatic event of March 10, 2010, and that [he was] not eligible for accidental disability retirement benefits." Id. at 247 (holding direct result means a "relative freedom

5

A-3671-16T3

from remoteness, whether in terms of time, intervention of other contributive causes or the like, or a combination of such factors"); Petrucelli v. Bd. of Trs., 211 N.J. Super. 280, 288 (App. Div. 1986) (ruling that to qualify for accidental disability retirement, the traumatic event must be shown to cause symptoms where none previously existed); Richardson v. Bd. of Trs., 192 N.J. 189 (2007) (holding that the presence of a pre-existing condition will generally result in the denial of accidental disability benefits). She stated:

> [T]he credible expert testimony of Dr. Lakin establishes that there was significant medical history of lower-back injury and disease which could cause radiculopathy. While the March 10, 2010[] accident may have aggravated or accelerated these conditions, the accident was not the essential significant or substantial contributing cause of petitioner's inability to perform his regular and assigned duties.

The Board subsequently adopted the ALJ's decision.

Before us, Smolenski argues the Board misapplied Richardson and Petrucelli in denying him accidental disability retirement benefits. We disagree.

According deference to the Board's fact-finding, Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (2009), we conclude its decision is neither "arbitrary, capricious, or unreasonable, or . . . lacks fair support in the record." Russo, 206 N.J. at 27 (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J.

6

174 (1980), our Supreme Court held that to qualify for accidental disability retirement benefits, it need not be shown that the traumatic event is the "sole or exclusive cause of the disability," but that the alleged traumatic event is "the direct cause, i.e., the essential significant or substantial contributing cause of the disability[.]" Id. at 187.

We are satisfied "that the evidence and the inferences to be drawn therefrom support" the Board's decision that Smolenski's back injury was not the direct result of the accident, but from a pre-existing history of back injury. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988). Thus, we will not disturb the Board's determination that Smolenski is not entitled to accidental disability retirement benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3671-16T3